Good morning. Good morning, Your Honors. My name is Bart Klein and I'm the attorney for the petitioner, Ms. Truong, in this case. Before I get into my argument, I would like to point out a few issues in the record. The first thing is that the Board of Immigration's appeal case states that the appeal will be dismissed and the record will be remanded for further proceedings. That hasn't been done yet in this case. I appealed because at that time it was unclear what that sentence meant and in those days it wasn't clear which kind of cases you had to file a protective appeal. I handled the case of Surrender Singh. It was a precedent case where I failed to do such protective filings for a case that only had the relief of voluntary departure and that case was finally dismissed by this court in 2016 and finally by the Supreme Court just last month on a cert petition. The second issue is that the judge found that my client had entered as a K-1 and adjusted on the same day, which was November 1 of 2002. She actually had come to the United States as a fiancee on April 19, 2002 with status until July 18, 2002 and within 90 days she got married on May 17, 2002 and that case was finally terminated after the denial of what's called the I-751. Well the key question in this case is whether somebody like your client who entered on a K-1 visa is still eligible for the fraud waiver, right? That's correct and that's what I'm going into now. What's your best argument there? Well my best argument in there is that it's like I indicated in my briefs that she went through all the procedural requirements that's required for K-1 to obtain the status of lawful permanent residence. She came to the United States as a K-1. She married within the 90 days. She got adjusted and then within the two years for the conditional to be removed she applied for it, though it was ultimately denied based upon the fraud that she had committed in the marriage. So she's similarly situated to the petitioner in the Vasquez case except that she came in on a non-immigrant visa versus as a spouse with an immigrant visa? That's true and the that such non-immigrants may use the 237 A1H waiver in fraudulent marriage cases in a case called Man of Agor which is what I supplemented the record with. She is presently married to an American citizen? Subsequent American citizen, yes that's correct. I picked up but I'm not sure that they have an American son? Yes they have two of them right now your honor. So right and so the one son is in the record the second son does not. Well what is wrong with the with the reasoning of the Board of Immigration Appeals right? Well basically states on an issue of eligibility whether she was eligible for permanent residency is that that's the reason the issue about removability or inadmissibility should not be applied and my argument is that eligibility is different than inadmissibility and removability and what's before the court today is specifically being removed under the fraud section 212 A6C I in the aliens that was inadmissible based on fraud at the time of her admission or adjustment of the status. Did you represent the petitioner before the board? Yes and I represent her before the immigration judge. Did you cite the Vasquez case to the board? Do you remember? No I did not your honor well I think I did. The board doesn't mention it right? That's correct. I did cite a number of cases where I argued that admission is the same mission that was changed in the statute includes both adjustment of status and entry and finally the board in its case in 2015 adopted that on a two-to-one decision and let me ask you just let's assume that she is eligible for the fraud waiver and we send this back for the board to take another look at that issue and the board says okay she's eligible and then let's assume that the AG exercises its discretion to grant her the fraud waiver what what becomes of her then because the case law as I understand it is quite clear that she can only adjust her status based on spouse which is right so what I'm saying what does she do at that point right so this is the this is my response to that under section 237 A1H other non-immigrants get their permanent residence status through the marriage through the fraudulent marriage but then when they apply for this waiver it gets granted because the waiver is broader than just the marriage to United States citizen includes any child I mean any daughter son child or parent and that's different the fact that she is married to a United States citizen is what in your under your argument makes her eligible for the fraud waiver also the child and the so that's what I said but then that puts her in a position to adjust her status right well no what it does is it allows her to get the fraud waiver of that removability statute and this court in Taggart basically said that section 237 A1H doesn't apply to convictions of document fraud so or document usage I was exactly so what I'm saying is that it's that my argument is that she will be in a status where she'll be a permanent resident but technically she probably won't be eligible to naturalize and so I'm not clear how that will work but you're down to a little over a couple of minutes would you like to save the rest of your time yes I would thank you good morning your honors may it please the court Jeanette Allen for respondent the Attorney General your honors miss wrong has freely admitted that she committed marriage fraud she entered the u.s. on a very special visa the k1 fiance visa and with that visa she agreed to comply with a specific and as this court has noted restrictive set of requirements in order to adjust status to lawful permanent residence in the United States one of those well let's get to the issues here now I'm sure you're familiar with the Vasquez case right yes now now why shouldn't we apply that principle here well in the Vasquez case there is a very significant difference the petitioner in that case did not enter on a k1 fiance visa I know that's the only difference right that shouldn't the principle that's applied in Vasquez applied to a k1 entrance it should not apply here because under the Congress has specifically provided that under a USC section 1155 D no K visa holder should be able to adjust status to lawful permanent residence through any means other than through marriage to the k1 petitioning spouse in this case what miss wrong asks this court to do is to circumvent that requirement and she as she just stated she wants to become a lawful permanent resident through her spouse because it is that new right but but I think that's mixing apples and oranges a little bit and that goes to the question that I was asking counsel for petitioner under the reasoning of Vasquez she should be similarly situated to an alien who entered as an immigrant spouse right that renders her essentially eligible to apply for the fraud waiver once it's exercised whether she can adjust status based on marriage to her current spouse or if the only way she can adjust status is through the original petitioning fiance that should be a separate inquiry I think what the board did here was to assess her eligibility for the waiver by looking ahead to what would happen and understanding that the effect of applying the waiver here as she requests would nullify a USC section 1155 D it would have no meaning if someone could enter on a K-1 visa fraudulently intending never to carry forward with the marriage other than through obtaining an immigration benefit then obtain a new spouse and entirely circumvent that requirement and become a lawful permanent resident that way she has tried to focus the inquiry on on the fraud waiver here but I think it's important not to ignore the effect of did they consider the fact that she had a an American husband skags and and a child now apparently two children the board did not delve into the merits of her eligibility for the waiver because it determined at the outset that she was ineligible for it so we don't have a determination whether she meets any of the requirements and one of them being that she would warrant the waiver as a answer my question is no no the board didn't assess her eligibility on the merits how do you address the sasay case which as I understand it stands for the propositions that you really do treat a an immigrant spouse with and a k1 visa holder equivalently with respect to their eligibility for adjustment of status does that square with the argument that you're making just now that the two should be treated entirely differently the sasay case is distinguishable your honor because in sasay the marriage was bona fide and the question was whether if a k1 visa holder who could adjust status if they were timely married within if they complied with the 90-day marriage requirement and the marriage was bona fide then the question was whether if the marriage doesn't exist by the time the adjudication of the adjustment of status comes along does the K bar preclude them from adjusting status and the board said that divorce in that case did not render the K visa holder ineligible to adjust status but the key difference here is we have a K visa holder who never engaged in but did not engage in a bona fide marriage it was not bona fide from the outset she has readily conceded that it was entirely for the purpose of of the IMFA the immigration marriage fraud amendments of 1986 Congress's purpose in enacting a USC section 1155 D was specifically to deter immigration fraud and what she asks here essentially is to be rewarded for her fraud she if if you commit fraud then you can get this waiver and you can adjust that that's the question that we're struggling with is how is she different than the Vasquez petitioner because that was a marriage fraud situation as well so the only distinguishing fact is that one person engaged in marriage fraud while abroad and then entered as an immigrant with an immigrant visa the other person came in first and then committed marriage fraud and the question is is there a logical reason to distinguish between those two particular applicants for adjustment of status I take it your response to that as I understand it is that well those two should logically be treated different because one has a limitation on k1 visas and the other one doesn't then that's the sole basis for treating them differently that is that is the key difference your honor yes that is the response because a USC section 1155 D has to be given some meaning Congress couldn't have intended when including a provision that specifically required adjustment only to take place through the petitioning spouse they couldn't have intended someone to then be able to adjust if they get a new spouse it would it would ultimately that that is a key distinction and and a logical distinction here because holding as petitioner asserts would essentially render that provision meaningless so the k-status of mistrong in this case is not something that can be ignored when comparing her case to the Vasquez case as this court noted in Kalal the K visa program is a specific restrictive process and in that case the petitioner similarly sought to adjust status in the United States after marriage to a spouse not the one who petitioned for her and this court was very clear that Congress had carefully designed the case to put an end to those who would take advantage of the US government's solicitude and it's and and this court held we do not think Congress would countenance the flouting of its enactments or wish for the Attorney General or this court to do so what petitioner asks the court to do is to countenance the flouting of Congress's enactments in a USC section 1155 D and holding as she requests would be contrary to Congress's intent the court should therefore deny the petition for review thank you in response on Kalal I was the attorney for Kalal and she married the wrong person so there's a step in the k1 process where you have to marry the k1 petitioner that that person which I represented after the like in this case and after the denial of the conditional removal didn't comply with all the steps k1 person spouse that means marrying the k1 petitioner so that that's distinctive their mind my argument I made that argument in my braids the second thing is that we do have this section 237 a 1a statute and should also be given in basically it does prevent people some it does prevent the way it does prevent marriage fraud in the sense that at least people who don't marry can be removed but in this case once you marry like 237 H you do get this benefit or up to section 237 H of forgiving your marriage fraud so basically if you look at all non-immigrants except for a few that are in the statute who can't adjust like crewman and certain J's under to your foreign resident requirement the applicant should be in this in the petition in this case it should be sufficient equities be allowed to get the ability or the provision waived it's not like she won't be like this card has ruled she finally gets convicted for continues to exist for her and that the waiver she's met all the steps from the requirements under the k1 bars thank you all right thank you very much the both sides for your argument matters submitted for
judges: Tashima, Nguyen, Walter